IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| TAMMY MOREE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO.  7-05-CV-144-BD |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tammy Moree seeks judicial review of a final decision of the Commissioner of Social Security denying her applications for disability insurance and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.*  For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that she is disabled as a result of neck and shoulder pain, migraine headaches, and depression.  After her applications for disability and SSI benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge.  That hearing was held on August 29, 2002.  At the time of the hearing, plaintiff was 41 years old.  She has a high school education and past work experience as a production fabricator, a retail manager, an assistant manager of a convenience store, and a chiropractic assistant.  Plaintiff has not engaged in substantial gainful activity since October 29, 1999.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance or SSI benefits.  Although the medical evidence established that plaintiff suffered from

neck and shoulder pain, depression, and anxiety, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform light work, including her past relevant work. Plaintiff appealed that decision to the Appeals Council. Because the ALJ did not evaluate plaintiff's mental impairments in accordance with the applicable regulations and failed to make a mental residual functional capacity finding, the Council determined that a remand was necessary to further develop the record. On remand, the judge was directed to:

- Update the record with existing and available medical evidence. Obtain evidence from a medical expert psychologist, if available, to clarify the nature and severity of the claimant's impairments and to comment on maximum resulting functional abilities.

- Further evaluate the claimant's mental impairments in accordance with the special technique described in 20 C.F.R. 404.1520a and 416.920a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 C.F.R. 404.1520a(c) and 416.920a(c).

- Give further consideration to the claimant's maximum residual functional capacity and provide a complete and clear function-by-function assessment and appropriate rationale with specific references to evidence of record in support of the assessed limitations.

A second administrative hearing was held on February 12, 2004 before a different ALJ. Once again, the judge determined that plaintiff was not disabled. Of particular importance to this appeal, the ALJ found that: (1) the severity of plaintiff's musculoskeletal and mental difficulties did not meet or equal the severity of any impairment listed in the regulations; and (2) plaintiff had the residual functional capacity to perform a wide range of light work, but could not return to her past relevant employment. Relying on the testimony of a vocational expert, the ALJ found that plaintiff was capable of working as an office helper, a sales attendant, a floor attendant, and a ticket taker --

jobs that exist in significant numbers in the national economy.  Plaintiff appealed that decision to the Appeals Council.  This time, the Council affirmed.  Plaintiff then filed this action in federal district court.

## II.

In two grounds for relief, plaintiff contends that:  (1) the ALJ failed to carry out the instructions of the Appeals Council on remand; and (2) the finding as to her mental residual functional capacity is not supported by substantial evidence.

### A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence.  *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993).  It is more than a scintilla but less than a preponderance.  *Richardson*, 91 S.Ct. at 1427.  The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision.  *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met.  42 U.S.C. § 423(a).  The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months.  *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).  The Commissioner has promulgated a five-step sequential

evaluation process that must be followed in making a disability determination:

> 1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.
>
> 3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.
>
> 4. If the claimant has a "severe impairment" covered by the regulations but is not presumptively disabled, the hearing officer must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the

Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff first contends that the ALJ failed to follow the instructions of the Appeals Council on remand. In its decision remanding the case for further administrative proceedings, the Appeals Council directed the ALJ to: (1) obtain evidence from a psychologist, if available, to clarify the nature and severity of plaintiff's impairments and comment on her maximum resulting functional abilities; (2) further evaluate plaintiff's mental impairments in accordance with the special technique described in 20 C.F.R. §§ 404.1520(a) & 416.920a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in the regulations;[1] and (3) provide a complete and clear function-by-function assessment of plaintiff's maximum residual functional capacity and appropriate rationale with specific references to evidence of record in support of assessed limitations. (Tr. at 245). Despite the clear and

---

[1] The "special technique" described in sections 404.1520a and 416.920a requires the ALJ to evaluate "pertinent symptoms, signs, and laboratory findings to determine whether [the claimant] has a medically determinable mental impairment[ ]." 20 C.F.R. §§ 404.1520a(b)(1) & 416.920a(b)(1). If such an impairment exists, the ALJ must rate the degree of functional limitation resulting from the impairment in four broad areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. *Id.* §§ 404.1520a(b)(2) & (c)(3) and 416.920a(b)(2) & (c)(3). At each step, the ALJ must document his findings in the hearing decision. *Id.* §§ 404.1520a(b)(1)-(2) & 416.920a(b)(1)-(2).

unambiguous language of the remand order, the ALJ failed to address any of these issues. Such a blatant disregard of the Appeals Council directive constitutes legal error and requires reversal. *See, e.g. Tauber v. Barnhart*, 438 F.Supp.2d 1366, 1376 (N.D. Ga. 2006) (ALJ committed legal error by failing to follow remand order requiring further development of record); *Thompson v. Barnhart*, Civ. A. No. 05-395, 2006 WL 709795 at *11-12 (E.D. Pa. Mar. 15, 2006) (same as to failure to obtain mental status examination and medical source statement on remand); *Jones v. Barnhart*, 372 F.Supp.2d 989, 1005-06 (S.D. Tex. 2005) (same as to failure to make function-by-function RFC assessment and findings as to the physical and mental demands of claimant's past relevant work on remand); *Hutchison v. Apfel*, No. 2:98-CV-087, 2001 WL 336986 at *11 (N.D. Tex. Mar. 9, 2001) (same as to failure to make RFC assessment with specific references to the record on remand). *But see Coy v. Barnhart,* No. SA-04-CA-0256-RF, 2005 WL 1021041 at *2 (W.D. Tex. Apr. 25, 2005) ("A complaint that the ALJ failed to obtain additional evidence or conduct further evaluation of an issue as directed by the Appeals Council is only relevant to the extent those matters impact the issues this Court must determine.").

In an attempt to excuse this glaring deficiency, the Commissioner argues that the ALJ is not required to consult a medical expert, that the judge properly evaluated plaintiff's mental impairments in accordance with the applicable regulations, and that any error is harmless because plaintiff has not been prejudiced. The court disagrees. Although an ALJ generally has discretion whether to consult with a medical expert, that discretion was superseded in this case by the remand order directing the judge to "obtain evidence from a medical expert psychologist, if available, to clarify the nature and severity of the claimant's impairments and to comment on maximum resulting functional abilities." (Tr. at 245). *See* 20 C.F.R. § 404.977(b) (emphasis added) ("The administrative law judge *shall* take any action that is ordered by the Appeals Council and may take any additional action that is not

inconsistent with the Appeals Council's remand order."). Here, the ALJ neither consulted with an expert psychologist nor explained why it was not possible to do so. Nor did the judge evaluate plaintiff's mental impairments in accordance with the special technique described in the regulations[2] or make a function-by-function assessment of plaintiff's maximum residual functional capacity with specific references to the record. Rather, the post-remand hearing decision merely recites evidence that was available at the time of the first administrative hearing without any thoughtful discussion or evaluation. Given the magnitude of this error, the case must be remanded for further development of the issues specified by the Appeals Council.

C.

Plaintiff further contends that the finding as to her residual functional capacity is not supported by substantial evidence because the ALJ ignored the opinions of a state agency consultant. In a mental residual functional capacity assessment performed on or about August 3, 2001, Dr. Lyman G. Phillips concluded that plaintiff was "moderately limited" in her ability to: (1) perform activities within a schedule; (2) maintain regular attendance and be punctual within customary tolerances; (3) work in coordination with or proximity to others without being distracted by them; (4) get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and (5) maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness. (*Id.* at 169-70). Those opinions, which conflict with the ALJ's finding that plaintiff's mental impairments resulted in only "mild social restrictions," are not mentioned in the hearing decision. (*See id.* at 16). That omission is significant in light of vocational expert testimony that a combination of moderate limitations would eliminate virtually all the alternative jobs available to

---

[2] In a psychiatric evaluation dated July 16, 2001, Dr. Tim Ashaye briefly discussed the section 404.1520a(c) and 416.920(a)(c) rating factors. (*See* Tr. at 127-32). However, that report was more than two years old at the time of the second administrative hearing.

plaintiff. (*Id.* at 378). While hearing officers are not bound by the opinions of state agency medical and psychological consultants, they "may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p, 1996 WL 374180 at *2 (SSA Jul. 2, 1996). The ALJ's failure to consider this evidence constitutes an additional reason for remanding the case.[3]

## CONCLUSION

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

SO ORDERED.

DATED: October 10, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[3] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.